IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MATTHEW A. VELYKIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | **Civil No. 25-1344** |
| | ) | |
| **MELINDA ADAMS, Facility Manager, et. al,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

**<u>MEMORANDUM OPINION and ORDER</u>**

This case has been referred to United States Magistrate Judge Kezia O. L. Taylor for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72 of the Local Rules for Magistrate Judges. On April 27, 2026, the Magistrate Judge issued a Report and Recommendation, ECF No. 66, recommending that Plaintiff, Matthew A. Velykis's Amended Emergency Motion for Temporary Restraining Order and Preliminary Injunction, ECF No. 46, be denied. Mr. Velykis timely filed Objections by mail on May 11, 2026, which were then filed on the docket on May 14, 2026. ECF No. 69.

The filing of timely objections requires the district judge to "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1); *Sample v. Diecks*, 885 F.2d 1099, 1106 n. 3 (3d Cir. 1989); Fed. R. Civ. P. 72(b)(3). As explained below, the Court finds that Plaintiff's Objections do not undermine the recommendation of the Magistrate Judge.

### I.    Discussion

The relevant procedural and factual background of this case are presented in the Magistrate Judge's Report. ECF No. 66, at 1-2, 3. Mr. Velykis suffers from Opioid Use Disorder,

which is often treated with Medication Assisted Treatment, such as oral Suboxone. Mr. Velykis has been successfully treated with Suboxone in the past, but he alleges that he was denied Suboxone from July 2021 through November 2025. Suboxone was eventually prescribed and provided to him in November 2025. Sometime in January 2026, the Suboxone was stopped, and Mr. Velykis's Opioid Use Disorder was treated with a different Medication Assisted Treatment, called Sublocade injections. Mr. Velykis alleges that both the failure to provide him Suboxone until November 2025, and the January 2026 discontinuation of Suboxone treatment, violate the Eighth Amendment and the Americans with Disabilities Act. In addition, he alleges that both the initial failure to provide Suboxone, and the later change in his medication treatment, were done in retaliation for Mr. Velykis engaging in litigation activity. Finally, he alleges that prison staff have also engaged in retaliatory conduct as a result of his litigation activities.

Presently at issue is Mr. Velykis's request for a Temporary Restraining Order to require Defendants to resume administration of Suboxone and to enjoin Defendants from conducting retaliatory canine searches of his cell. Mr. Velykis ultimately seeks an injunction requiring Defendants to continue providing him with Suboxone during the pendency of this litigation.

## II.   Objections

### A. The Magistrate Judge Made Factual and Legal errors

Plaintiff argues that the Magistrate Judge made a plain error of fact in concluding that the prison's provision of an alternate Medically Assisted Treatment drug, Sublocade injections, is constitutionally equivalent to treatment with Suboxone for Opioid Use Disorder. Plaintiff explains that he is asserting that the denial of his preferred, effective, medically appropriate treatment, and the replacement with an ineffective, alternative medication, constitutes deliberate indifference.

2

The Magistrate Judge did not make a factual or legal finding regarding the constitutional equivalency of Suboxone and Sublocade injections. The circumstances presented were that Plaintiff was provided Suboxone until he failed to comply with the Suboxone treatment protocols, after which he was prescribed Sublocade injection. Based upon these facts, the Magistrate Judge recognized that the "deliberate indifference standard 'affords considerable latitude to prison medical authorities in the diagnosis and treatment of the medical problems of inmate patients.'" *Pearson v. Prison Health Serv.*, 850 F.3d 526, 538 (3d Cir. 2017) (quoting *Inmates of Allegheny Cty. Jail v. Pierce,* 612 F.2d 754, 762 (3d Cir. 1979)). Courts "'disavow any attempt to second-guess the propriety or adequacy of [their] particular course of treatment' so long as it 'remains a question of sound professional judgment.'" *Id.* This is the case here: medical staff changed Plaintiff's medication for his Opioid Use Disorder. Defendants have not refused to medically address Plaintiff's Disorder, although Plaintiff views the medication switch as ineffective. The Court views Plaintiff's position as evidencing a disagreement between the Defendants' attempts to treat Plaintiff and Plaintiff's views of how he should be medically treated. *Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004) (disagreement as to proper medical treatment insufficient to state Eighth Amendment claim). Thus, the Magistrate Judge did not make a legal or factual error as to this issue. Accordingly, this objection is overruled.

**B.  The Use of the Substitute Medication Vivitrol is Functionally No Treatment**

This is not really an objection by Plaintiff, but a complaint that a substitute medication for Opioid Use Disorder Plaintiff used to take, Vivitrol, is ineffective. The record reflects that for several years prior to being provided with Suboxone in November 2025, Plaintiff had received monthly Vivitrol injections. This is a different medication from the Sublocade injections given to Plaintiff in January 2026. To the extent that Vivitrol was a selected medication treatment for

Plaintiff in the years and months before he started on Suboxone in November 2025, such a course of alternative medication treatment also amounts to a disagreement over treatment, which falls below the standard for an Eighth Amendment deliberate indifference claim. This objection is overruled. .

### C. The Magistrate Judge Erred by Not Finding that the Denial of Suboxone Constitutes Deliberate Indifference

Plaintiff argues that the Magistrate Judge erred in not concluding that denying a person Suboxone amounts to deliberate indifference. Plaintiff argues that the substitution of other medications is not medically equivalent to Suboxone. He cites two cases in support of his argument, but both are readily distinguishable. In *Smith v. Aroostook County*, the jail had preemptively announced it was not going to provide Smith with her medication, it was not going to conduct a medical assessment of Smith, and it noted that it had reasonable alternative medications; but it did not intend to provide her with any medication. 922 F.3d 41 (1st Cir. 2019). Smith faced a complete denial of medication treatment for her Opioid Use Disorder. The *Smith* case is thus not comparable to the present case.

Similarly, in *Pesce v. Coppinger*, the correctional facility "expressly prohibits opioids like suboxone and methadone;" and, as "part of its substance abuse treatment program, [the prison] requires incarcerated individuals to undergo forced withdrawal under medical supervision." 355 F. Supp. 3d 35, 42 (D. Mass. 2018). The Court noted the "blanket policy prohibiting the use of methadone treatment" at the prison and that the prison "stood by the policy without any indication that they would consider [plaintiff's] particular medical history and prescribed treatment in considering whether departure from such policy might be warranted." *Id.* at 47. The Court also distinguished cases where medical providers at prisons had conducted individualized medical assessments and/or where the treatment provided differed from what the

inmate wanted. *Id.* at 47-48. *See also Negron v. Mici*, No. 22-CV-12030-DJC, 2024 WL 278219, at *3 (D. Mass. Jan. 25, 2024) ("Although [inmate] may not be receiving the form of MAT that he initially had requested, for constitutional analysis, failure to give an inmate the care of his choice does not constitute deliberate indifference where he is receiving adequate care). Again, the facts of *Pesce* differ from the facts of this case, where the medical providers individually assessed Plaintiff and provided him with Medication Assisted Treatment and alternatives. This objection is overruled.

### D. This is Not a Mere Disagreement Over Treatment

Next, Plaintiff objects to the failure of the Magistrate Judge to find that there was not a mere disagreement over treatment; instead, he alleges there is a disagreement over proven effective treatment and ineffective treatment. The Magistrate Judge properly concluded, on the record before her, that the medical staff imposed one treatment, and then chose another treatment of the same type. At the injunctive relief stage, the fact that Plaintiff disagreed with the recommended treatment does not mean that staff was deliberately indifferent to Plaintiff's medical needs. The Magistrate Judge's analysis was proper and this objection is overruled.

### E. The Failure to Properly Analyze Irreparable Harm

Plaintiff provides allegations establishing that he has suffered irreparable harm from his lack of access to Suboxone. However, because this case involves a disagreement over the procurement of one medicine or another, Plaintiff has failed to establish irreparable harm. This objection is overruled.

### F. Error in Not Finding Plaintiff Likely to Succeed on the Merits

First, Plaintiff presents the same arguments he already presented to the Magistrate Judge, to show that he has a likelihood of success on the merits of his Eighth Amendment claim. He

asserts the seriousness of his condition and attempts to show deliberate indifference based upon "forced continuation of ineffective treatment," and failure to exercise individualized medical judgment. ECF No. 69, at 6. Such assertions were before the Magistrate. Plaintiff also argues that the Magistrate Judge erred in applying the same allegedly flawed logic to his ADA claims. Plaintiff's objections do not undermine the Magistrate Judge's analysis of his likelihood of success on the merits. This objection is overruled.

### G. Error Regarding Balance of Equities and Interest of Justice

Plaintiff again re-asserts the same argument already presented to the Magistrate Judge. The Court finds that such arguments do not overcome the Magistrate Judge's analysis. This objection is overruled.

### H. Error in Crediting Prison's Allegation that Plaintiff Diverted Suboxone

Plaintiff argues that the Magistrate Judge erred in finding that Plaintiff's claims were undermined by the record evidence that showed that Plaintiff failed to comply with the Suboxone treatment protocols. Based upon medical documentation, the prison had a concern that Plaintiff might attempt to divert medication during administration. Plaintiff argues that such evidence is insufficient, as it involves a potential, future act. He further states that there is "zero evidence" in support of his alleged failure to comply. The Court finds that the Magistrate Judge's reliance upon a prison document, that refers to medical records, indicating a medical concern about medication diversion, is appropriate. Furthermore, the prison is in the best position to make decisions about maintaining a safe and secure facility. There is no error here. The objection is overruled.

### III.    Conclusion

For the reasons stated above, Mr. Velykis's Objections are overruled. The Court will adopt the Magistrate Judge's Report and Recommendations, as supplemented herein. After *de novo* review of the pleadings and the documents in the case, together with the Report and Recommendation, the following Order is entered:

### Order

Following a de novo review of the relevant pleadings and documents in this case, together with the Report and Recommendation, and Objections thereto, the Court finds that Plaintiff's Objections do not undermine the recommendations of the Magistrate Judge.

AND NOW, this 10th day of June 2026, it is ORDERED that the Report and Recommendation, ECF No. 66, filed on April 27, 2026, is adopted as the Opinion of the Court as supplemented herein.

Plaintiff's Amended Emergency Motion for Temporary Restraining Order and Preliminary Injunction, ECF No. 46, is DENIED.

Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction, ECF No. 9, is dismissed as moot.

__s/*Marilyn J. Horan*_____
Marilyn J. Horan
United States District Court Judge

Matthew A. Velykis
QN-8168
SCI MERCER
801 Butler Pike
Mercer, PA 16137

Matthew A. Velykis
2851 South Sydenham Street
Philadelphia, PA 19145